## ASA BROWN vs. IPSWICH MANUFACTURING COMPANY.

It is no ground for setting aside the verdict of a sheriff's jury on a complaint under the mill act, that the evidence, as compared with the verdict itself, would show either that the jury allowed for more than ten years' damage by flowing, or that the past damage was assessed at a much higher rate than the future damages.

COMPLAINT under the mill act. The complainant having obtained a verdict from a sheriff's jury moved the court of common pleas to accept it. The respondent filed written objections to the verdict, and moved to set it aside for the reasons stated therein. The objections to the verdict were : " That it is against law and evidence, in that the jury allowed for more than ten years damage of flowing, which the respondent proposes to show by the evidence, as compared with the verdict itself; or that there was some mistake in said verdict, because that while only ten years past damage could be allowed for, it was allowed at a much higher rate than the future annual damage was assessed at, or the gross sum, although there was no evidence to show that the future annual damage would not be as great as the past; and the respondent claims to show by parol what evidence there was before the jury, and the instructions given to them."

*Morris*, J. ruled that " the court had no power to set aside the verdict for the objections specified, and on that ground overruled the respondents' motion, and granted said motion of petitioner." To this ruling the respondents excepted.

*G. Minot*, for the respondents, to the point that the court had power to set aside the verdict, cited Rev. Sts. *c.* 116, § 29; *Walker* v. *Boston & Maine Railroad*, 3 Cush. 1.

*O. P. Lord*, for the petitioner, to the point that no sufficient cause was shown, or could be shown in the manner proposed, for setting aside the verdict, cited *Baker* v. *Briggs*, 8 Pick. 122 ; *Coffin* v. *Coffin*, 4 Mass. 41; *Worster* v. *Canal Bridge*, 16 Pick. 541; *Patterson* v. *Boston*, 20 Pick. 159 ; *Kimball* v. *Sumner*,

22 Pick. 156; *Parks* v. *Boston*, 15 Pick. 198; *Brewer* v. *Tyring-ham*, 12 Pick. 547.

BY THE COURT. Whatever may be the power of the court in setting aside the verdict of a sheriff's jury and ordering a new trial, we see no sufficient ground for exercising it upon the present occasion. *Order accepting the verdict affirmed.*